UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYLER MALEJKO, ET AL                    CIVIL ACTION

VERSUS                                  NO: 08-2262

GEORGE S. HESNI, II ET AL               SECTION: J(3)

**ORDER**

Before the Court is Plaintiffs' **Motion to Vacate, Alter or Amend the Judgment** (Rec. Doc. 94), seeking an order under Rule 59 of the Federal Rules of Civil Procedure amending or vacating this Court's Judgment (Rec. Doc. 85) dismissing Plaintiffs' claims with prejudice. Defendants oppose Plaintiffs' motion in large part (Rec. Doc. 95), but do not oppose an alteration of the Court's Judgment to indicate that Plaintiff's state law claims are dismissed without prejudice as indicated in the Court's prior Minute Order of August 6, 2008 (Rec. Doc. 56). Upon review of the record, the memoranda of counsel, and the applicable law, the Court finds that Plaintiffs' motion should be granted in part.

In its August 6, 2008 Order, the Court dismissed Plaintiff's claims under the Lanham Act and all other federal claims for lack of jurisdiction and failure to state a claim (Rec. Docs. 56 & 61). In that same order, the Court dismissed Plaintiffs' state law claims without prejudice. Plaintiff sought alteration or amendment of the August 6, 2008 Order, which the Court denied on September 26, 2008 (Rec. Doc. 78). In addition, the Court

granted Plaintiffs' thirty days to amend their complaint to add any additional federal claim they might have (Rec. Doc. 61).  In addition, the Court granted Plaintiffs an additional ten-day extension beyond the initial thirty-day amendment period within which to file an amended complaint that properly asserted any federal claim or cause of action.  (Rec. Doc. 69).  Plaintiffs never filed an amended complaint, and the Court issued a final judgment of dismissal on January 6, 2009 (Rec. Doc. 85).

Initially Plaintiffs argue that the Court's order of August 6, 2008 was based not on the merits of their claims, but on pleading deficiencies, lack of subject matter jurisdiction, and Plaintiffs' lack of standing to sue.  Thus, Plaintiffs argue that the dismissal of "all federal claims" should have been without prejudice in order to protect Plaintiffs' right to bring civil claims under the Racketeer Influenced Corrupt Organizations Act ("RICO"; 18 U.S.C. § 1961 *et seq.*).  The majority of Plaintiffs' memorandum in support of its motion goes on to focus on allegedly newly discovered evidence, which Plaintiff suggests supports an alteration of the Court's judgement to reflect a dismissal without prejudice of its federal claims.

The Court finds that there is no reason stated in Plaintiff's motion to alter its original order of dismissal as stated in the minute order of August 6, 2008.  However, to the extent that the Court's Judgment of January 6, 2008 indicates a dismissal with prejudice of *all* Plaintiffs' claims, including the

state law claims, the Court finds that the Judgment should be altered to comply with the August 6, 2008 minute order. Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Vacate, Alter or Amend the Judgment** (Rec. Doc. 94) is hereby **GRANTED IN PART**. The Court's Judgment of January 6, 2008 is hereby **AMENDED** to indicate that Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's motion is **DENIED IN PART** to the extent it seeks an alteration of the Court's Judgment of January 6, 2008 dismissing with prejudice all federal claims asserted in this case.

New Orleans, Louisiana this 3rd day of March, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE